UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HESTAN COMMERCIAL CORPORATION <br><br> and <br><br> MEYER INTELLECTUAL PROPERTIES LIMITED <br><br> *Plaintiffs*, <br><br> vs. <br><br> LUXURY 4 LESS APPLIANCES LLC <br><br> *Defendant.* | CIVIL ACTION NO. 4:24-cv-1012 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Hestan Commercial Corporation ("**Hestan Commercial**") and Meyer Intellectual Properties Limited ("**Meyer IP**") (collectively, "Plaintiffs") allege the following in support of this action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act").

### I. NATURE OF THIS ACTION

1. This lawsuit arises from Defendant Luxury 4 Less Appliances LLC's ("**Luxury 4 Less**") infringing use of Plaintiffs' trademarks on and in connection with its website in a manner likely to deceive consumers into believing that consumers are visiting and purchasing items from Plaintiffs' website when it is in fact Defendant's website.

### II. PARTIES AND CITIZENSHIP

2. Plaintiff Hestan Commercial is a Delaware corporation with its principal place of business located at 3375 E La Palma Avenue, Anaheim, CA 92806.

3. Plaintiff Meyer IP is a corporation organized under the laws of the British Virgin Islands, and has its principal place of business in Hong Kong. Hestan Commercial and Meyer IP are corporate affiliates and shall be collectively referred to as "Hestan."

4. Meyer IP owns certain intellectual property including trademarks that are used by its corporate affiliates including Hestan Commercial.

5. Upon information and belief, Defendant Luxury 4 Less Appliances LLC is a limited liability company formed in Texas and with its principal place of business located at 3941 Piedmont Road, Fort Worth, TX 76116.

### III. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the federal law claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338.

7. The Court has personal jurisdiction over Luxury 4 Less because it has engaged in a continuous and systemic course of doing business in Texas, and, on information and belief, a substantial portion of the activities complained of herein have occurred and continue to occur in this District.

8. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 because Luxury 4 Less has committed and continues to commit tortious acts in this judicial district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## IV. FACTS

*Hestan's Trademarks and Website*

9. For years, starting well before any use by the defendant, Plaintiff Hestan Commercial has been using the inherently distinctive trademark HESTAN as well as the following HESTAN logo ![HESTAN] in marketing and selling its premium cooking appliances and related products such as ranges, outdoor grills, and commercial cooking suites nationwide.

10. As a result, Plaintiffs own nationwide common-law trademark rights in the word mark HESTAN and in the HESTAN logo (together, the "Hestan Marks").

11. Plaintiffs also owns numerous registrations for HESTAN and HESTAN-formative trademarks, including the following registrations from the United States Patent and Trademark Office (the "Hestan Registrations"):

| Mark | U.S. Trademark Registration No. | Registration Date | Goods |
|---|---|---|---|
| HESTAN | 4339384 | May 21, 2013 | Class 21: Cookware, namely, pots and pans |
| HESTAN | 5503264 | Jun. 26, 2018 | Class 7: Kitchen machines, namely, electric standing mixers Class 8: Cutlery, namely, kitchen cutlery |
| HESTAN | 5366161 | Dec. 26, 2017 | Class 3: Cleaner for use on cookware |
| HESTAN COPPERBOND | 6020239 | Mar. 24, 2020 | Class 21: Copper cookware, namely, pots and pans |
| HESTAN PROVISIONS | 7311278 | Feb. 20, 2024 | Class 21: Colanders; Bakeware; Cookware, namely, pots and pans, roaster pans; Household containers for foods; Mixing bowls |

12. Hestan Commercial's website is located at hestancommercial.com.

13. Hestan Commercial uses its website to, among other things, advertise and market its products to the public under the Hestan Marks, direct customers to online and brick and mortar locations where they can buy HESTAN-branded products, provide support to its customers, and provide other related information about Hestan Commercial.

14. Hestan Commercial has used, and continues to use, the Hestan Marks prominently, such as in the following screenshot from its website's homepage:




15. Hestan Commercial also operates the URL **hestangrill.com** so that anyone that enters **hestangrill.com** into their internet browser is automatically taken to Hestan Commercial's hestancommercial.com website.

16. As a result of Hestan Commercial's long use and promotion of its products under the Hestan Marks as well as the quality and success of its products, the Hestan Marks have come to be valuable in identifying the goods of Hestan Commercial in the minds of consumers.

*Defendant's Infringing Activities*

17. Defendant Luxury 4 Less is a retailer that sells outdoor grills, including Hestan Commercial grills, to the public.

18. In 2022, without Plaintiffs' authorization or consent, Luxury 4 Less registered the domain name hestangrills.com and began operating its website at that URL (the "Infringing Website").

19. Luxury 4 Less's Infringing Website address hestangrills.com is almost identical and is confusingly similar to Hestan Commercial's hestangrill.com website address.

20. Without Plaintiffs' authorization or consent, Luxury 4 Less operates and does business under the name Hestan Grills on the Infringing Website.

21. Without Plaintiffs' authorization or consent, Luxury 4 Less uses the Hestan Marks prominently and extensively on the Infringing Website, going well beyond any potentially permissible nominative use, such as in the following examples from the home page of its Infringing Website and in the printout from that website attached as **Exhibit A:**



22. Luxury 4 Less's prominent and extensive use of Plaintiffs' Hestan Marks on the Infringing Website, along with using Plaintiffs' HESTAN mark as the first part of the Infringing Website's domain name, confuses consumers into believing that the Infringing Website is the official website of Hestan Commercial or, at minimum, that the website is affiliated with or authorized by Plaintiffs.

23. The Infringing Website is accessible to, and upon information and belief, has been accessed by and displayed to consumers throughout the United States. For at least this reason, Luxury 4 Less's use of the Hestan Marks affects interstate commerce.

24. Under the heading titled "Special Offers" on the Infringing Website, Luxury 4 Less further displays direct copies of Hestan Commercial's brochures relating to rebates offered by Hestan Commercial. *See* https://www.hestangrills.com/special-offers. These brochures again prominently use the Hestan Marks, and the fine print of such brochures explicitly reference Hestan Commercial, once again leading consumers to believe that the Infringing Website is operated by or affiliated with Hestan Commercial.

25. The confusion caused by Luxury 4 Less is further compounded by Luxury 4 Less's use on its Infringing Website's homepage, without Plaintiffs' authorization or consent, of an embedded marketing video that was created and is owned by Hestan Commercial.

26. Plaintiffs have written to Luxury 4 Less, demanding that it cease all use of the Infringing Website.

27. To date, Luxury 4 Less continues to operate the Infringing Website at hestangrills.com and continues to extensively use the Hestan Marks on it, making its infringements willful.

### V.   CAUSES OF ACTION

### Count I – Trademark Infringement Under 15 U.S.C. 1114

28. Plaintiffs re-allege the allegations set forth in Paragraphs 1–27 above.

29. Plaintiff Meyer IP owns the Hestan Registrations, which are valid and subsisting United States trademark registrations for HESTAN and HESTAN-formative marks. See Exhibit B.

30. Meyer IP's trademark registrations are prima facie evidence of the validity and enforceability of the HESTAN mark.

31. Luxury 4 Less's continued unauthorized extensive and prominent use of the HESTAN trademark in connection with grills, which are closely related to Meyer IP's registered goods for the identical HESTAN trademark, is likely to cause confusion, mistake, or deception, and is likely to deceive the public as to Luxury 4 Less's affiliation or connection with Meyer IP and/or its affiliated companies, including Hestan Commercial, or Meyer IP's sponsorship or approval of Luxury 4 Less.

32. Luxury 4 Less's unauthorized extensive and prominent use of the HESTAN mark on and in connection with the Infringing Website is intentional and with constructive and actual knowledge of Hestan's ownership of the HESTAN mark.

33. Luxury 4 Less's acts constitute willful trademark infringement of Meyer IP's federally registered marks in violation of Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114.

34. As a proximate result of Luxury 4 Less's actions, Meyer IP has suffered harm and is entitled to recover damages.

35. Luxury 4 Less has caused and will continue to cause irreparable injury to Meyer IP and, unless restrained by this Court, such acts and injury will continue to occur.

36. Luxury 4 Less's foregoing acts of infringement have been and continue to be deliberate and willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

37. Meyer IP has no adequate remedy at law.

38. Meyer IP is entitled to injunctive relief against Luxury 4 Less, as well as all monetary remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits, costs, and attorney's fees.

### Count II – Trademark Infringement Under 15 U.S.C. 1125(a)

39. Plaintiffs re-allege the allegations set forth in Paragraphs 1–27 above.

40. Plaintiffs own the distinctive HESTAN brand and the Hestan Marks, which have been in continuous use by Plaintiff Hestan Commercial in connection with cooking-related products including grills since well before any use by Luxury 4 Less.

41. Luxury 4 Less, without Plaintiffs' authorization or consent, has knowingly and intentionally used the Hestan Marks in commerce in connection with offering grills for sale on the Infringing Website, which constitutes a false designation of origin and false association that is likely to confuse consumers into believing that the Infringing Website is Plaintiff Hestan Commercial's, that they are purchasing grills directly from Hestan Commercial when they purchase from the Infringing Website, or that Luxury 4 Less is affiliated with, sponsored, endorsed, licensed by, or related to Plaintiffs.

42. Luxury 4 Less's actions constitute a violation of 15 U.S.C. § 1125(a).

43. Luxury 4 Less's infringing use of the Hestan Marks on and in connection with the Infringing Website is likely to cause confusion, mistake or deception, and is likely to deceive the public as to the affiliation or connection with Plaintiffs, or sponsorship or approval of Luxury 4 Less by Plaintiffs.

44. As a proximate result of Luxury 4 Less's actions, Hestan has suffered harm and is entitled to recover damages.

45. Luxury 4 Less has caused and will continue to cause irreparable injury to Plaintiffs and, unless restrained by this Court, such acts and injury will continue to occur.

46. Luxury 4 Less's foregoing acts of infringement have been and continue to be deliberate and willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

47. Plaintiffs have no adequate remedy at law.

48. Plaintiffs are entitled to injunctive relief against Luxury 4 Less, as well as all monetary remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits, costs, and attorney's fees.

### Count III – Cybersquatting in Violation of 15 U.S.C. § 1125(d)

49. Plaintiffs re-alleges the allegations set forth in Paragraphs 1–48 above.

50. Plaintiffs owns the Hestan Marks and the Hestan Registrations.

51. Plaintiffs own and operate the domain name and website at hestancommercial.com.

52. Plaintiffs own and operate the domain name hestangrill.com, which they use to redirect consumers to Hestan Commercial's website for its grills and related products and services at hestancommercial.com.

53. The Hestan Marks are distinctive and have been in in use by Plaintiffs for years, well before Luxury 4 Less registered the domain name hestangrills.com.

54. On information and belief, Luxury 4 Less owns, operates, and controls the domain name and website at hestangrills.com, and registered, traffics in, and/or uses the hestangrills.com domain name.

55. Upon information and belief, Luxury 4 Less registered and uses the hestangrills.com domain name to capitalize on the goodwill associated with the Hestan Marks and the Hestan Registrations.

56. Upon information and belief, Luxury 4 Less registered and uses the hestangrills.com domain name with a bad faith intent to profit from Plaintiffs' goodwill in the Hestan Marks and to mislead consumers to believe that the Infringing Website is operated by and/or affiliated with Plaintiffs, including but not limited to, using the entirety of the HESTAN mark within the domain name alongside the categories of goods being offered, presenting Hestan's rebate brochures that explicitly refer to Hestan Commercial in a manner that induces consumers to believe that Luxury 4 Less is affiliated with Plaintiff Hestan Commercial, and displaying an embedded video created and owned by Hestan Commercial, thereby deceiving consumers into believing Luxury 4 Less is the source of the video and the advertised goods.

57. Luxury 4 Less's diversion of traffic from Hestan's website by use of the hestangrills.com has harmed and continues to harm Plaintiffs' business reputation and goodwill in the HESTAN mark and registrations.

58. As a direct and proximate cause of Luxury 4 Less's conduct, Plaintiffs have suffered damages and will continue to suffer damages.

59. Luxury 4 Less's actions described above constitute cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

60. Luxury 4 Less has caused and will continue to cause irreparable injury to Plaintiffs and, unless restrained by this Court, such acts and injury will continue to occur.

61. Plaintiffs have no adequate remedy at law.

62. Plaintiffs are entitled to an injunction to prevent Luxury 4 Less from using the domain name hestangrills.com or any other domain name that is confusingly similar to the HESTAN mark, and to the transfer of the hestangrills.com domain name to Plaintiffs.

63. Luxury 4 Less's foregoing acts have been and continue to be deliberate and willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## REQUEST FOR JURY TRIAL

Plaintiffs request a jury trial of any matter so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiffs Hestan Commercial Corporation and Meyer Intellectual Properties Limited demand judgment against Luxury 4 Less and request the following relief from the Court:

A. That Defendant and its officers, agents, servants, and employees and all persons or entities in active concert or participation with Defendant who receive actual notice of the injunctive order be preliminarily and permanently enjoined from using, advertising, promoting, displaying, or exploiting the Hestan Marks or any other marks, designations, designs, or trade dress confusingly similar to any of the Hestan Marks in any manner that is likely to cause consumers to believe that Luxury 4 Less is affiliated with, sponsored, endorsed, licensed by, or related to Plaintiffs, including in connection with the use of the hestangrills.com domain name.

B. Judgment against Luxury 4 Less for willful infringement of the HESTAN mark under 15 U.S.C. § 1114, including a disgorgement of profits and other applicable damages and reimbursement of Plaintiffs' attorney's fees and costs;

C. Judgment against Luxury 4 Less for a willful violation of 15 U.S.C. § 1125(a), including any and all applicable damages and reimbursement of Plaintiffs' attorney's fees and costs;

D. Judgment against Luxury 4 Less for a willful violation of 15 U.S.C. § 1125(d), including any and all applicable damages and reimbursement of Plaintiffs' attorney's fees and costs;

E. An Order directing Luxury 4 Less and the relevant registrar to transfer to Plaintiff Hestan Commercial the Hestangrills.com domain name and all other domain names owned or controlled by Luxury 4 Less that contain any marks comprising or that are confusingly similar to the HESTAN mark; and

F. Any and all other relief as the Court deems just, equitable and proper.

Dated: October 22, 2024                         Respectfully submitted,

/s/ C. Bryce Benson
C. Bryce Benson
Texas Bar No. 24031736
bryce.benson@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas  75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR PLAINTIFFS HESTAN COMMERCIAL CORPORATION AND MEYER INTELLECTUAL PROPERTIES LIMITED**